NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



MICHAEL T. HAYES,

    Plaintiff - Appellant,

    v.

CORRECTIONS CORPORATION
OF AMERICA; JOHN FERGUSON;
STEVE GARETT; SUSAN
BAJOVICH; JANET STANGER,
LPN at ICC Medical; JOHN/JANE
DOES, Members SMU Placement
Committee ICC; BRIAN DOSER,
Unit Manager; BRENT
ARCHIBALD, ICC Investigation
Officer,

    Defendants - Appellees.

No. 13-35306

D.C. No. 1:09-cv-00122-BLW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted April 8, 2015
Seattle, Washington

Before: FERNANDEZ, HAWKINS, and CALLAHAN, Circuit Judges.

---

    [*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Michael Hayes appeals from the judgment issued by the district court in favor of Corrections Corporation of America ("CCA") and a number of its employees.[1] The judgment issued after a jury verdict in a trial on the claims against Doser and Acosta wherein the jury answered "NO" to the question: "While incarcerated at the Idaho Correctional Center on K-Pod, did [Hayes] face a substantial risk of serious harm?" Prior to that, the district court had granted summary judgment against him on his claims against CCA, the Warden, and the Committee. We affirm.

Hayes brought a 42 U.S.C. § 1983 action in which he claimed that his rights under the Eighth Amendment to the United States Constitution had been violated during his incarceration. In order to prevail, he had to prove that CCA and the employees had violated his constitutional rights because they were deliberately indifferent when they allowed him to be subjected "to a substantial risk of serious harm"[2] from other inmates.

Hayes asserts that the verdict must be overturned because the district court

---

[1] "The employees" are Brian Doser, Justin Acosta, Phillip Valdez (the Warden), Brandon Delaney, Dan Prado and April Chapman. The latter three individuals were the members of the Segregation Housing Committee, and will be referred to hereafter as the Committee.

[2] Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 1974, 128 L. Ed. 2d 811 (1994).

excluded certain "concern forms" that other prisoners had sent to other prison workers some time after the incident in question here. We disagree. The district court did not abuse its "'wide discretion,'"[3] when it determined that those pieces of evidence were not relevant[4] to the case at hand. The district court did not arbitrarily establish a rule that it would not admit any reports (or concern forms) regarding incidents that occurred after Hayes' incident;[5] rather, it declared it would remain flexible, and it did. Indeed, the district court did admit a good deal of evidence regarding the concern forms. Moreover, any error in excluding the forms in question was harmless. See Harper v. City of Los Angeles, 533 F.3d 1010, 1030 (9th Cir. 2008).

Hayes then asserts that the district court erred when it granted summary judgment to the Warden and the Committee. While we perceive no error, even if there were error it was harmless because the jury's determination that Hayes did

---

[3]See United States v. Alvarez, 358 F.3d 1194, 1205 (9th Cir. 2004) (quoting United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983)).

[4]See Fed. R. Evid. 401; M2 Software, Inc. v. Madacy Entm't, 421 F.3d 1073, 1088 (9th Cir. 2005).

[5]See United States v. Hinkson, 585 F.3d 1247, 1262–63 (9th Cir. 2009) (en banc).

3

not face "a substantial risk of serious harm"[6] necessitated that he could not prevail against them — "there's no way that the jury could have found that [they] were liable."[7] Similarly, CCA could not be found liable[8] in the absence of "a substantial risk of serious harm" to Hayes.[9]

AFFIRMED.

---

[6]Farmer, 511 U.S. at 828, 114 S. Ct. at 1974.

[7]See Peralta v. Dillard, 744 F.3d 1076, 1087 (9th Cir. 2014) (en banc) (Federal Rule of Civil Procedure 50(a) judgment upheld), cert. denied, __ U.S. __, 135 S. Ct. 946, 190 L. Ed. 2d 829 (2015); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250–52, 106 S. Ct. 2505, 2511–12, 91 L. Ed. 2d 202 (1986) (summary judgment "standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)").

[8]See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 2037–38, 56 L. Ed. 2d 611 (1978); Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1138–39 (9th Cir. 2012).

[9]Farmer, 511 U.S. at 828, 114 S. Ct. at 1974.